**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL PENSION FUND,** | ) | |
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL WELFARE FUND,** | ) | |
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL RETIREE HEALTH** | ) | |
| **AND WELFARE FUND, and CATHERINE** | ) | |
| **WENSKUS, not individually but as** | ) | **Case No. 23 C 759** |
| **Administrator of the Funds,** | ) | |
| **Plaintiffs,** | ) | **Honorable Manish S. Shah** |
| **v.** | ) | |
| | ) | **Magistrate Judge Jeffrey Cole** |
| **AJ TRUCKING, LLC, an Illinois corporate** | ) | |
| **entity,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
DAMAGES IN SUM CERTAIN PURSUANT TO RULE 55(b)**

Now come Plaintiffs, Chicago & Vicinity Laborers' District Council Pension, Welfare and Retiree Health and Welfare Funds and Catherine Wenskus, (collectively referred to herein as the "Funds"), by and through their attorney, Sara S. Schumann, and hereby move for entry of judgment damages in sum certain against Defendant AJ Trucking, LLC, ("Company") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In support of this Motion, Plaintiffs state:

1.      On February 7, 2023, Plaintiffs filed their Complaint, seeking to compel Company to submit to a compliance audit of Company's books and records, covering the period of August 1, 2021 through September 30, 2023, and for Company to pay the amounts found owed per the audit, plus liquidated damages (assessed on all unpaid amounts owed), accumulated liquidated damages (assessed on prior untimely payments

made), accumulated interest, audit costs, and the Funds' reasonable attorneys' fees and costs accrued in its efforts to gain Company's compliance and collect such amounts.

2.     On February 21, 2023, service of Summons and Complaint was effectuated.  A true and accurate copy of the Affidavit of Service is attached hereto as Exhibit A.  Company failed to timely answer or otherwise plead.

3.     On August 24, 2023, the Court ordered entry of default against Company and to compel Company's records for the audit (See Docket No. 17, Court Order).   After this order issued, Company did comply with the audit conducted by Richard J. Wolf and Company, Inc. ("Wolf"), covering the period from August 1, 2021 through September 30, 2023 ("Audit").

4.     Company and the Construction and General Laborers' District Council of Chicago & Vicinity ("Union") are parties to an Independent Construction Industry Collective Bargaining Agreement ("Memorandum"), which was also attached to Plaintiffs' Complaint, and is attached hereto as Exhibit B-1.   The Memorandum incorporates and adopts the Joint Agreements between the Union and various employer associations (See, Exh. B-1, Memorandum at ¶2).   At all times relevant, the Joint Agreements govern the terms and conditions of employment of Company's employees in the bargaining unit represented by the Union. A copy of relevant sections of one of the Joint Agreements ("CAICA") is attached as Exhibit B-2.

5.     Pursuant to Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and the

Agreements and Declarations of Trust, the Funds are entitled to judgment damages in sum certain against Defendant, pursuant to its obligations, arising from the Joint Agreements and the Memorandum (collectively referred to as the "Agreement" or "CBA"), as well as from the also incorporated respective Funds' Agreements and Declarations of Trust, which are each attached hereto or relevant portions thereof with the Affidavit of Funds' Field Department Representative Alicia Grossi (See Exh. B Grossi Affidavit, Exh. B-1 Memorandum, Exh. B-2, Relevant portions of CAICA, Exh. B-3 Pension Fund, Exh. B-4 Welfare Fund, Exh. B-5 Retiree Welfare Fund, Exh. B-6 Training Fund, Exh. B-7 LECET, and Exh. B-8 LDCLMCC).

6.      As explained by Ms. Grossi, the Agreement and the Funds' respective Agreements and Declarations of Trust to which Company is bound require it to submit benefit reports and contribution payments by the tenth (10th) day of the following month. Payments not received within thirty (30) days of this date are assessed liquidated damages ("LD") in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Retiree Welfare, Pension and Training funds, and in the amount of ten (10) percent of the unpaid or late contributions to the LDCLMCC, CAICA and LECET funds (referred to as "Industry Funds") and for Union dues, plus interest on those amounts at the rate of twelve (12) percent from the date of the delinquency forward (See Exh. B, Grossi Affidavit at ¶¶ 2-4, and Exhs. B1-8).

7.      The Agreement and the Funds' respective Agreements and Declarations of Trust further obligate Company to submit its books and records to the Funds for periodic audits to determine benefit contribution and dues compliance, and when there are findings or litigation is necessary to gain compliance with the auditing process the

company is obligated to pay the audit costs, and must obtain and maintain a bond to insure the future payments of wages, benefits and dues (See, Exh. B, Grossi Affidavit at ¶¶5-10, Exhs. B1-8).

8.      Additionally, per agreement the Funds have been duly authorized to act as collection agents on behalf of the Union for the collection of union dues owed (See, Exh. B, Grossi Affidavit at ¶3).

9.      Funds selected the independent auditing firm of Richard J. Wolf and Company, Inc., to audit the Company for compliance with the CBA and Trust Agreements, covering the period from August 1, 2021 through September 30, 2023 ("Wolf Audit").  On February 24, 2024 the initial Wolf Audit report was issued and a copy was sent to Company, but was then recalled due to unpaid dues reports not being included on that initial report and because the Company's records were inconsistent with other third-party time records.  Funds then issued subpoena duces tecum on a third-party that had been keeping Company's time on various projects, and the auditor then reviewed the response and issued a revised report.

10.     On February 17, 2025, the Company was sent a copy of the revised Wolf Audit report with a deadline for challenging those findings, and demand for payment or to pay the amounts owed. After that deadline, Company did question the revised report without producing any supporting evidence. The undersigned asked the auditor to review its basis for those findings, and the auditor confirmed the evidence requiring those to remain on the report. So Company's challenges were rejected based on the evidence.  A true and accurate redacted copy of the revised Wolf Audit and Summary Report is attached hereto as Exhibit B-9.  The revised Wolf Audit reflects the amount of

$17,999.33 in unpaid principal contributions and dues owed to Funds for the audit period, covering August 1, 2021 through September 30, 2023, and the total amount owed for that period per the Wolf Audit is $26,046.02 (See Exh. B, Grossi Affidavit, Exh. B-9 Wolf Audit and Summary).

11. As established by Ms. Grossi, the Funds are entitled to judgment damages against Company per the revised Wolf Audit in the total amount of $26,046.02, consisting of the following amounts:

- $ 17,799.33   Principal contributions and dues
- $ 3,462.08   Liquidated damages ("LD") per Wolf Audit
- $ 1,415.84   Accumulated LD on benefits and dues untimely paid
- $ 1,111.27   Accumulated interest
- $ 2,257.50   Audit cost
  **$ 26,046.02**   Amount owed to Funds per Wolf Audit

(Exh.B Grossi Affidavit ¶¶2-6; Exh. B-9 Wolf Audit and Summary).

12. Plaintiffs are also entitled to its attorneys' fees and costs under ERISA, 29 U.S.C. § 1132(g)(2)(B), as well as per the Agreement. As established by the undersigned, Funds incurred $16,430.00 in attorneys' fees and costs in this action (See, Exh. C, Schumann Declaration, Exh. C1 Fee Report, Exh. B, Grossi Affidavit at ¶9).

13. Pursuant to the Agreement, Defendant must also obtain and maintain a bond (See Exh. B, Grossi Affidavit at ¶10).

14. Pursuant to Rule 55(b) of the Fed. R. of Civil P, Plaintiffs respectfully move the Court to enter an award for judgment damages in the total amount of **$42,476.02** in favor of the Funds and against Defendant, AJ Trucking, LLC.

15. Plaintiffs will provide, as stated in the Certificate of Service below, a copy of this motion and the proposed draft order and notice of motion that has been set out to

May 22, 2025 in order to allow Defendant time to respond prior to that hearing date on the motion.

WHEREFORE Plaintiffs respectfully request this Court enter an order for judgment damages in sum certain in favor of Plaintiffs the Funds, pursuant to Rule 55(b) of the Fed R. Civ. P., awarding the total amount of $42,476.02 against Defendant AJ Trucking, LLC.

Respectfully submitted,

LABORERS' PENSION AND WELFARE FUNDS,

May 2, 2025                    By: _____/s/ Sara S. Schumann_____
                                        *Associate Fund Counsel*

Sara S. Schumann
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
W: (312) 692-1497
C: (773) 255-9878
SaraS@chilpwf.com


## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that she caused a copy of the foregoing Motion for Entry of Judgment Damages in Sum Certain and the proposed Judgment Order to be served upon the following individual and entity on the 2nd day of May 2025, via email and sent via certified mail on Monday, May 5, 2025.

c/o Jonathan Morris, Manager
AJ Trucking, LLC
17 N. Wabash Ave., #676
Chicago, IL 60602

/s/Sara S. Schumann